# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| DANIEL ROOK, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 11-3403-CV-S-RED |
| | ) Crim No. 08-3106-01-CR-S-RED |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

## ORDER

Before the Court is Petitioner's Motion to Vacate, Set Aside and/or Correct Sentence (Doc. 1). For the following reasons, the Court **DENIES** Petitioner's motion.

## BACKGROUND

On April 16, 2010, Petitioner pled guilty, without a plea agreement, to nine counts of structuring transactions to evade reporting requirements and one count of possession of stolen firearms. Petitioner was sentenced on October 18, 2010 and was committed to custody for 24 months. Now before the Court is Petitioner's § 2255 Motion wherein he argues that he received ineffective assistance of counsel.

## DECISION

Petitioner bases his § 2255 Motion on the argument that he received ineffective assistance of counsel from his retained attorney, Dee Wampler. Petitioner argues that he received ineffective assistance of counsel as Mr. Wampler: (1) was prejudiced by his earlier representation of Petitioner's brother in an unrelated case; (2) influenced his staff that Petitioner was guilty; (3) did not order Petitioner to undergo any psychiatric and/or psychological evaluations; (4) did not force the government to prove the elements of the crime, i.e. the mens rea requirement or that the relevant

deposits were illegally received; (5) was diagnosed with cancer and did not advise Petitioner of his illness; (6) did not bargain with the Government for a plea agreement; and (7) did not advise the Probation Office or the Court of information which could have resulted in a lesser sentence for Petitioner.

"When a defendant is represented by counsel during the plea process and enters a plea upon counsel's advice, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Blalock v. Lockhart*, 977 F.2d 1255, 1257 (8th Cir. 1992). The two-part test outlined in *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984), applies to challenges to guilty pleas based on ineffective assistance of counsel. *Id.* To establish an ineffective assistance claim, Petitioner must prove that (1) counsel's performance was deficient, falling below an objective standard of reasonableness, and (2) that the deficient performance prejudiced him so as to deprive him of fair proceedings. *Strickland v. Washington*, 446 U.S. 668, 687-88 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To satisfy a showing of deficiency, a defendant must show that counsel failed to exercise the skills and diligence a reasonably competent attorney would have exhibited given the circumstances. *See United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1994). To establish prejudiced performance, a defendant must show that there is a reasonable probability that, but for counsel's unreasonable professional errors, the results of the proceeding would have been different. *See id.* Because Petitioner pled guilty, he must also prove "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Mathews v. United States*, 114 F.3d 112, 113-14 (8th Cir. 1997).

First, Petitioner argues that Mr. Wampler's representation of his brother constituted

ineffective assistance of counsel. However, Petitioner never explains how Mr. Wampler's prior representation of his brother in an unrelated case affected Petitioner's decision to plea guilty to the relevant crimes and, further, that absent these facts Petitioner would have insisted on going to trial. Petitioner additionally argues that he was subject to ineffective assistance of counsel as Mr. Wampler influenced his staff that Petitioner was guilty. However, once again, Petitioner does not explain how this set of circumstances affected his decision to plea guilty and, thus, does not sufficiently illustrate prejudice.

Petitioner also argues that Mr. Wampler's failure to request a mental examination of Petitioner constituted ineffective assistance of counsel. Petitioner argues that if Mr. Wampler would have requested a mental examination, he may have found out that Petitioner performed the crime due to his "minimal education to diminished capacity, bi-polar and/or Obsessive Compulsive Disorder, or even temporary insanity." When strategic choices are made "'after less than complete investigation [they] are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation.'" *Nooner v. Norris*, 402 F.3d 801, 808 (8th Cir. 2005)(quoting *Strickland* at 690-91). "A particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Nooner*, 402 F.3d at 808. Petitioner's presentence investigation report indicates that Petitioner had no known history of emotional or mental problems. Moreover, Petitioner sets forth no evidence that he ever indicated to Mr. Wampler that he was suffering from mental problems. Therefore, Mr. Wampler's decision to not request a mental examination of Petitioner was reasonable considering the circumstances. *See Jones v. Delo*, 258 F.3d 893 (8th Cir. 2001)(concluding that counsel's assistance was not deficient when he did not investigate petitioner's mental condition at the guilt phase of the trial even when there was evidence that petitioner may

have suffered from a mental disease); *See Stanely v. Lockhart*, 941 F.2d 707 (8th Cir. 1991)(considering the fact that petitioner had not revealed any history of mental problems to counsel when concluding that counsel's assistance was not ineffective for failing to request a mental examination of petitioner). Additionally, at his plea hearing, the undersigned asked Petitioner: (1) whether he considered himself competent to enter a plea of guilty in his case and; (2) whether he was currently diagnosed with a mental disease or had been diagnosed with a mental disease in the past. Petitioner responded to these questions by stating that he considered himself competent to enter a plea of guilty and, further, that he was not currently diagnosed with a mental disease nor has he ever been diagnosed with a mental disease. Further, in his motion, Petitioner never argues that he actually suffered from some sort of mental disease that would have been revealed by a mental examination. Finally, Petitioner again fails to explain how Mr. Wampler's failure to request a mental examination affected his decision to plead guilty and once again does not establish the necessary element of prejudice.

Petitioner also argues that he was subject to ineffective assistance of counsel as Mr. Wampler did not "suggest to the Government that [Petitioner] did not demonstrate the mens rea of the crimes of which he was initially accused" and, further "did not force the Government through discovery to show the evidence that [Petitioner] ever tried to sell the first piece of equipment or firearms that he purchased." However, because Petitioner plead guilty before trial, the Government did not need to prove any of the elements of the crime. Moreover, at Petitioner's plea hearing, the Government set forth the evidence that it possessed which indicated that the Government would be able to prove each element of the crimes to which Petitioner plead guilty. Petitioner agreed, at his plea hearing, that the Government could present this evidence at trial. Furthermore, once again, Petitioner fails to explain how these actions affected his decision to plea guilty and establish the element of

prejudice.

Petitioner further argues that, if Mr. Wampler would have told Petitioner about his battle with cancer, he would have retained other counsel and, had he retained other counsel, his "decision as to whether to opt for a trial or plead guilty could have been different." However, Petitioner states that he learned that Mr. Wampler had cancer and was currently in remission in February 2010, approximately two months before Petitioner plead guilty. Therefore, as Petitioner did not change counsel once he discovered Mr. Wampler's illness, it is clear that Petitioner was not overly concerned that the state of Mr. Wampler's health would affect his representation.

Petitioner further argues that he was prejudiced as Mr. Wampler did not bargain with the Government for a plea agreement. First, there is no evidence that the Government would have even entered into a plea agreement with Petitioner. Moreover, even if Mr. Wampler would have been able to obtain a plea agreement for Petitioner, in order to receive the benefits of the plea agreement, Petitioner would have to had plead guilty to the crime. Thus, Petitioner has not demonstrated sufficient prejudice as Petitioner has not shown that there was a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

Petitioner finally argues that he was prejudiced as Mr. Wampler did not advise the Probation Office or the Court of information which could have resulted in a lesser sentence for Petitioner. The information Petitioner references is any potential information discovered in a mental evaluation and Petitioner's allegation that he had been given $600,000 cash by his father at his death, which would, allegedly, indicate a legitimate reason for Petitioner to be in possession of such a large amount of money. However, Petitioner has not established a reasonable probability that the result of his sentencing would have been different had Mr. Wampler performed a mental evaluation and, as mentioned above, Petitioner has not indicated that he actually suffers from a mental disorder.

Moreover, Petitioner has not established a reasonable probability that the result of his sentencing would have been different had Mr. Wampler relayed the fact that Petitioner was given $600,000 cash by his father at death. *See U.S. v. Apfel*, 97 F.3d 1074, 1077 (concluding that petitioner "ha[d] not established a reasonable probability that the result of his sentencing would have been different had his counsel objected to the government's failure to prove the type of methamphetamine involved in his offense" when petitioner claimed he used the l-methamphetamine, a drug indicating a lesser sentence, but petitioner had "not shown a reasonable probability that the government would not have been able to prove by a preponderance of the evidence that the offense involved d-methamphetamine" and, thus, holding that petitioner could not demonstrate ineffective assistance of counsel). In fact, the source of the money is irrelevant to Defendant's charges.[1] Furthermore, at Petitioner's plea hearing, the undersigned asked the United States Attorney to summarize the evidence the Government believed that it would present if the case went to trial. Among this evidence was the fact that Petitioner had been making bank deposits to avoid the reporting requirements required by law. Petitioner, at his plea hearing, agreed that the Government could present these facts and admitted to engaging in the activities. For these reasons, Petitioner has not illustrated the prejudice prong of the *Strickland* test.

The long and short of it is that, even if Petitioner did receive ineffective assistance counsel, he did not meet his burden of showing that he was prejudiced by the allegedly deficient counsel.

---

[1] Petitioner plead guilty to Counts One through Nine in his Superceding Indictment which were based on 31 U.S.C.A. § 5324(a)(3) and related to his financial transactions. Pursuant to § 5324(a)(3) "No person shall, for the purpose of evading the reporting requirements of section 5313(a) or 5325 or any regulation prescribed under any such section, the reporting or recordkeeping requirements imposed by any order issued under section 5326, or the recordkeeping requirements imposed by any regulation prescribed under section 21 of the Federal Deposit Insurance Act or section 123 of Public Law 91-508 -- (3) structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions."

Petitioner has set forth no evidence which demonstrates a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have instead gone to trial." Instead, Petitioner asserts that, but for counsel's errors, he may have changed attorneys, entered into a plea agreement, or received a reduced sentence. For these reasons and the reasons set forth above, the Court finds that Petitioner has not met the burden required for a successful ineffective assistance of counsel claim and, thus, denies Petitioner's motion.

Furthermore, the Court will not conduct an evidentiary hearing on Petitioner's ineffective assistance of counsel claims, as "the motion and the files and records of the case conclusively show that [Petitioner] is entitled to no relief." 28 U.S.C. 2255(b); *See also Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)("No [evidentiary] hearing is required where the claim is inadequate on its face or if the record affirmatively refuses the factual assertions upon which it is based.").

Finally, the Court must decide whether to issue a certificate of appealability which would allow Petitioner to appeal the denial of his § 2255 Motion. A certificate of appealability should only be issued if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires Petitioner to show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As shown above, Petitioner has not demonstrated how he was prejudiced by his trial counsel's alleged deficient performance, an essential element for an ineffective assistance of counsel claim and, thus, Petitioner has not made a substantial showing of the denial of his constitutional right. For these reasons, the Court will not issue a certificate of appealability on any issue in this case.

## CONCLUSION

For the reasons above, the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28

U.S.C. § 2255 (Doc. 1) is **DENIED**.

The Clerk of the Court is directed to mail a copy of this Order via certified mail, return receipt requested, at Daniel Rook 21077-045, Millington Federal Prison Camp, PO Box 2000, Millington, Tennessee 38083-2000.

**IT IS SO ORDERED**.

DATED: May 7, 2012  */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT